UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN A. MASON<br><br>Defendant,<br><br>UNITED CO-OPERATIVE FARMERS<br><br>Party-in-Interest. | ) | CIVIL NO. |

COMPLAINT FOR FORECLOSURE AND REPOSSESSION OF CHATTELS

NOW COMES the United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, and for its cause of action alleges:

1. That this Court has jurisdiction under the provisions of 28 U.S.C. § 1345.

2. That upon information and belief the Defendant, Steven A. Mason, last resided in South Paris, Maine.

3. That on or about July 30, 1990, said Defendant obtained a loan from the United States of America, United States Department of Agriculture, Farm Service Agency (the "FSA")[1] in the amount of $45,000.00. Said loan was rescheduled on February 25, 1991, in the amount of $44,918.15, and June 1, 1994, in the amount of $43,782.78. Said loan was rescheduled and

[1] Certain of the debt and lending instruments attached hereto and incorporated by reference herein were executed by the Farmers Home Administration prior to1994, after which time the newly-created Farm Service Agency assumed responsibility for the Farmers Home Administration's farm credit duties. For ease of reference only the FSA is referenced here; such term should be read to include both the Farm Service Agency and the Farmers Home Administration.

partially written down on November 8, 2000, in the amount of $46,739.64. Said loans are evidenced by four certain Promissory Notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of said Promissory Notes are attached hereto, marked Exhibits A, B, C, and D, and are incorporated herein by reference.

4. That on or about December 5, 1991, said Defendant obtained a loan from the FSA in the amount of $25,000.00. Said loan was rescheduled on June 1, 1994, in the amount of $25,522.30, and November 8, 2000, in the amount of $33,738.39. Said loans are evidenced by three certain Promissory Notes of even dates and amounts, to be repaid according to the terms set out therein. Copies of said Promissory Notes are attached hereto, marked Exhibits E, F, and G, and are incorporated herein by reference.

5. The Promissory Notes indicated that the FSA's loans to Defendant were made pursuant to the Consolidated Farm and Rural Development Act and subject to the present and future regulations of the FSA.

6. That to secure the repayment of said indebtedness, and other purposes, said Defendant, on December 17, 1992, June 1, 1994, and November 8, 2000, duly executed, acknowledged, and delivered to the FSA three certain real estate Mortgages whereby he granted, bargained and sold to the FSA the following premises:

> A certain lot or parcel of land situated in Paris, County of Oxford and State of Maine, and lying westerly of Oxford Street, but not adjacent thereto, bounded and described as follows:
>
> Commencing at an iron pipe set in the ground on the easterly bank of the Little Androscoggin River where line of land of Everett J. Welch and Jane B. Welch and Line of Land now or formerly of Arthur Herrick intersect the said bank of the river; thence S 75° 14' E 138.7 feet, more or less, to an iron pipe set in the ground at the westerly side of the railroad right of way; thence in a general southerly direction along the westerly side of said railroad right of way to its intersection with the line of land now or formerly of Arthur Cummings; thence S 81° 19' W along line of land of said Cummings to an iron pipe set in the ground at the Oxford-Paris town line; thence N 7° 45' W 874.5 feet, more

or less, along line of land of said Cummings to an iron pipe set in the ground just southerly of the Little Androscoggin River; thence same course to the river; thence in a general easterly and then turning northerly direction along said river 883.2 feet, more or less, to an iron pipe at the point of beginning.

Including water rights given by Rachel Sturtevant to Howard A. Swan and Rose L. Swan, their heirs and assigns, and dated and recorded August 2, 1919, in Book 347, page 204.

Subject to an easement granted by Donald J. Mason Sr. to Central Maine Power Company and dated August 25, 1982, and recorded in Book 1181, Page 102.

Also, subject to a Mortgage held by Bethel Savings Bank and recorded in Book 1805, Pages 292-297 dated May 21, 1991.

7. That said Mortgages were duly recorded in the Oxford County (East) Registry of Deeds in Volumes 1966, Page 295; Volume 2127, Page 182; and Volume 2880, Page 349. Copies of said Mortgages are attached hereto, marked Exhibits H, I and J and are incorporated herein by reference.

8. The Mortgages by their terms are subject to the present and future regulations of the FSA. Upon default, the FSA, with or without notice, may declare the entire amount unpaid under the note and any debt to the FSA secured immediately due and payable, or foreclose and sell the property as provided by law or the terms of the Mortgages. The FSA may effect such foreclosure pursuant to either Maine law or, at its option, the laws of the United States of America. Notices given regarding the Mortgages must be sent by certified mail.

9. To further secure the payment of the aforementioned Promissory Notes, said Defendant executed and delivered to the FSA five certain Security Agreements dated July 17, 1990; May 30, 1991; May 5, 1992; May 18, 1993; and February 16, 2000, covering all the property described therein including but not limited to farm equipment. A copy of the most recent Security Agreement is attached hereto, marked Exhibit K and is incorporated herein by reference. The farm equipment is listed as follows:

| Item | Condition | S/N |
|---|---|---|
| 1987 John Deere 950 4WD Tractor | Fair-Poor | CH3057D213346 |
| 1987 Kuhn EL 50 Rototiller | Fair | VO543 |
| 3 Pt. Hitch Scraper | Fair | |
| 3 Pt. Hitch Hay Spear | Fair | |
| 1993 Patz Gutter Cleaner (disassembled) | Poor | |

10. To perfect the security interest in the above-mentioned Security Agreements, the UCC-1 Financing Statement executed by said Defendant was recorded at the Maine Secretary of State's Office on July 19, 1990, in File No. 897889 and continued on July 12, 1995,May 9, 2000, and May 19, 2005; and February 3, 2010 in File Nos. 1133092,1362732, 2050001736982-43, and 2100002006005-36. Copies of said Financing Statements are attached hereto marked Exhibits L, M, N, O, and P and are incorporated herein by reference.

11. The Security Agreements reference the Consolidated Farm and Rural Development Act and are expressly subject to the present and future regulations of the FSA.

12. That despite repeated demands made by the United States of America, acting through the United States Department of Agriculture by the FSA, the Defendant has refused to permit the United States of America, acting as aforesaid, to enter upon the premises, take possession of the collateral, and liquidate the collateral in accordance with the aforementioned provisions of the Security Agreements.

13. That the Promissory Notes provide that failure to make payments when due, or failure to refinance the loan when requested to do so by the United States of America, or to perform any other agreement contained therein shall constitute default under said Promissory

Notes and any other instrument evidencing a debt of the borrower owed to or insured by the FSA, on any instrument securing or otherwise relating to such a debt; and that a default under any other such instrument shall constitute a default under said Promissory Notes.

14. The FSA made demand upon Defendant for payment of the outstanding principal balance of and accrued interest on the Promissory Notes due to Defendants' non-payment. Specifically, the FSA sent to Defendant by certified mail on July 25, 2011 and February 22, 2012 "NOTICE(S) OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT." These notices stated, among other things: (a) "[T]he entire indebtedness due on the promissory notes . . . which evidence the loans received by you from the [FSA] is now declared immediately due and payable"; (b) "The promissory notes . . . are secured by real estate mortgages, deeds of trust, security agreements, and financing statements. . . . This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments"; and (c) "Unless full payment of your indebtedness is received . . . within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies." Defendant certified receipt at his place of residence of these notices on August 1, 2011 and February 28, 2012, respectively. Copies of such Notices are attached hereto as Exhibits Q and R.

15. That the Defendant failed to comply with the provisions and conditions of the said Promissory Notes, Security Agreements, and Mortgages by failing to make payments of principal and interest when due.

16. That the United States of America, acting through the United States Department of Agriculture by the FSA, is the present owner and holder of the said Promissory Notes, Security Agreements, and Mortgages.

17. That because of the breach of the provisions of the said Promissory Notes, Security Agreements, and Mortgages, the FSA hereby declares the entire amount of the indebtedness evidenced by the said Promissory Notes and secured by the Security Agreements and Mortgages to be immediately due and payable.

18. That there is now justly due the United States of America on the said Promissory Notes secured by the Security Agreements and Mortgages the following sums:

| | |
|---|---|
| (a) Principal and advances……………….. | $75,149.73 |
| (b) Interest through October 17, 2014......... | $37,938.50 |
| **TOTAL** | $113,088.23 |

together with interest at the daily accrual of $10.2945 thereafter.

19. That upon information and belief, Plaintiff may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments, and maintenance in order that it may protect and preserve its security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefor, together with interest thereon, including but not limited to such amounts incurred to date of $17, $22, and $315. Copies of documentation showing such amounts are attached hereto as Exhibits S, T, and U.

20. That no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Notes, Security Agreements, and Mortgages and that all conditions precedent to the bringing of the action have been performed or have occurred.

21. Defendant is not in the military service of the United States as defined in the Servicemembers Civil Relief Act, 50 U.S.C. §§ 501 *et seq*., and is not an infant or mentally incompetent person.

22. The Plaintiff has complied with the requirements of 7 C.F.R. § 1951, Subpart S and/or 7 C.F.R. § 766.

23. That the Party-In-Interest, United Co-Operative Farmers, has joined herein because it has, or claims to have some interest in the mortgaged premises, or some part thereof, which interest, if any, is subsequent or subordinate to the liens of the Mortgages which are the subject of this action. United Co-Operative Farmers interest in this property is by virtue of a Writ of Execution dated October 8, 1997, and recorded in the Oxford County Registry of Deeds in Book 2487, Page 189.

WHEREFORE, the Plaintiff demands judgment as follows:

(a) That the Defendant, subsequent to the filing of a copy of the Complaint instituting this action in the Office of the Oxford County Registry of Deeds, in which said mortgaged premises are situated, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and any equity of redemption in the mortgaged premises;

(b) That said premises may be decreed to be sold pursuant to 28 U.S.C. § 2001;

(c) That the amount due to the Plaintiff on its Promissory Notes, Security Agreements, and Mortgages may be adjudged;

(d) That the monies arising from this sale may be brought to Court;

(e) That the Plaintiff may be paid the amount adjudged to be due to Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action

and the expense of said sale so far as the amount so such money properly applicable thereto will pay the same;

(f) That the Defendant, Steven A. Mason, deliver possession of property to the successful bidder at the foreclosure sale 10 days after the date of sale; and

(g) That the Plaintiff may have such other and further relief in the premises as shall be just and equitable.

Dated at Portland, Maine, this 21st day of October, 2014.

UNITED STATES OF AMERICA
THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY
DISTRICT OF MAINE

By /s/ Andrew K. Lizotte

Andrew K. Lizotte
Assistant U.S. Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
207-771-3246
Andrew.Lizotte@usdoj.gov