UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN A. MASON, )<br>)   2:14-cv-00419-JDL<br>    Defendant, )<br>)<br>and )<br>)<br>UNITED CO-OPERATIVE FARMERS, )<br>)<br>    Party-In-Interest. ) | |

**ORDER ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, the United States of America (the "United States" or "the government") filed this lawsuit against the defendant, Steven A. Mason, on October 21, 2014, seeking foreclosure of certain real property and repossession of chattels. ECF No. 1. In May 2015, the government filed a motion for summary judgment, which Mason has not opposed. ECF No. 17. For the reasons discussed below, I conclude that the United States has properly supported its motion and I grant the motion.

**I. FACTUAL BACKGROUND**

Mason has not opposed any of the factual assertions contained in the government's Statement of Material Facts. *See* ECF No. 18. Pursuant to Local Rule 56(f), facts contained in a statement of material facts "shall be deemed admitted unless properly controverted," if the facts in question are supported by "record

citations." LR 56(f). Therefore, based upon the government's Statement of Material Facts and the record materials cited in support of those facts, the following is established for purposes of summary judgment.

Mason obtained two loans from the Farm Service Agency ("FSA"), an agency of the United States Department of Agriculture, pursuant to the Consolidated Farm and Rural Development Act. ECF No. 18 at ¶¶ 1, 2, 10. The first loan, in the amount of $45,000, was obtained on July 30, 1990, as evidenced by a promissory note of the same date. ECF No. 1-1. Mason subsequently rescheduled the loan three times, executing a new promissory note each time: on February 25, 1991, for $44,918.15; on June 1, 1994, for $43,782.78; and on November 8, 2000 for $46,739.64. ECF No. 18 at ¶ 1. *See also*, ECF No. 1-2; ECF No. 1-3; ECF No. 1-4.

The second loan, in the amount of $25,000, was obtained on December 5, 1991, as evidenced by a promissory note of the same date. ECF No. 18 at ¶ 2; *see also,* ECF No. 1-5. Mason subsequently rescheduled the loan twice, executing a new promissory note each time: first, on June 1, 1994, for $25,522.30 and again on November 8, 2000, for $33,738.39. ECF No. 18 at ¶ 2. *See also*, ECF No. 1-6; ECF No. 1-7.

To secure the promissory notes, Mason executed and delivered to the FSA three real estate mortgages for a property he owned in Paris, Maine, dated December 17, 1992, June 1, 1994, and November 8, 2000. ECF No. 18 at ¶ 3; *see also,* ECF No. 1-8; ECF No. 1-9; ECF No. 1-10; ECF No. 19 at ¶ 5. The mortgages were recorded in the Oxford County Registry of Deeds in Volume 1966, Page 295; Volume 2127, Page 182; and Volume 2880, Page 349, respectively. ECF No. 18 at ¶ 5.

United Co-Operative Farmers, a party-in-interest, has a lien interest in the mortgaged property by a Writ of Execution dated October 8, 1997, which was recorded in the Oxford County Registry of Deeds in Volume 2487, Page 189. ECF No. 18 at ¶ 9. Although it was served with a summons and a copy of the Complaint, United Co-operative Farmers failed to file a responsive pleading. ECF No. 12; ECF No. 14-1. Accordingly, the Clerk of the Court entered default against it on April 13, 2015. ECF No. 16. On July 16, 2015, the court issued a Show Cause Order directing the United States to explain why it had not filed a Motion for Default Judgment as to United Co-Operative Farmers. ECF No. 20. The government responded to the Show Cause Order the very same day and contemporaneously filed a Motion for Default Judgment. ECF No. 22. The response deadline for the government's Motion for Default Judgment was August 6, 2015; however, United Co-Operative Farmers filed no response.

Mason also executed a series of security agreements granting the FSA an interest in his farm equipment, the most recent of which is dated February 16, 2000. ECF No. 18 at ¶ 6; ECF No. 1-11. The equipment listed on the security agreements includes a 20-foot Snowco hay elevator; a 1987 John Deere 950 4WD tractor; a 1987 John Deere 75 loader; a 1987 Kuhn EL 50 rototiller; a 3 pt. hitch scraper; a 3 pt. hitch hay spear, all listed as in "good" condition; and a 1993 Patz gutter cleaner, listed as in "new" condition. ECF No. 1-11 at 4.[1] To perfect the FSA's security interest in the

---

[1] The government's Statement of Material Facts omits the Snowco hay elevator and the 1987 John Deere 75 loader from its list of equipment covered by the security agreements. *See* ECF No. 18 at ¶ 7; ECF No. 19 at ¶ 7. The government also states that the condition of the equipment is in "fair," "poor,"

3

farm equipment, Mason executed a UCC-1 Financing Statement on July 19, 1990, which was recorded by the Maine Secretary of State's Office in File No. 897889. ECF No. 19-12. Mason subsequently amended the UCC-1 Financing Statement four times, on July 12, 1995; May 9, 2000; May 19, 2005; and February 3, 2010, and recorded each amended statement with the Maine Secretary of State's Office in File Nos. 1133092, 1362732, 2050001736982-43, and 2100002006005-36, respectively. ECF No. 19-13; ECF No. 19-14; ECF No. 19-15; and ECF No. 19-16.

The promissory notes provide that Mason's failure to make payments when due shall constitute a default under the promissory notes, the security agreements, and the mortgages. ECF No. 18 at ¶ 13. Upon a default by Mason, the FSA may, with or without notice, declare the entire amount unpaid under the notes and declare any secured debt to the government immediately due and payable, or foreclose and sell the property. *Id.* at ¶ 15. The mortgages, by their terms, are governed by federal regulation and federal law. *Id.* at ¶ 14.

On July 25, 2011, and February 22, 2012, the FSA, noting that Mason had failed to make payments when due on the promissory notes, demanded that he pay the outstanding principal balance of the promissory notes and security agreements, plus accrued interest. ECF No. 19-17; ECF No. 19-18. The two demands were identified in capital letters as "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT," ECF No. 19-17, and "AMENDED NOTICE OF ACCELERATION OF YOUR DEBT

---

or "fair-poor" condition, citing the security agreements. *Id.* However, the security agreements state that the condition of the equipment is either "good" or "new." ECF No. 1-11 at 4.

4

TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT," ECF NO. 19-18.  The demands stated the following:

> [T]he entire indebtedness due on the promissory notes . . . which evidence the loans received by you from the [FSA] is now declared immediately due and payable . . . . The promissory notes . . . are secured by real estate mortgages . . . .  This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments . . . . Unless full payment of your indebtedness is received . . . within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue other available remedies.

*Id*.  Mason certified that he received both demands at his residence, first on August 1, 2011, and again on February 28, 2012.  ECF No. 19-17 at 5; ECF No. 19-18 at 5.

Mason does not dispute that he failed to pay the outstanding principal balance of the promissory notes, failed to pay the accrued interest, and failed to make any payment on the promissory notes since November 2008.  ECF No. 18 at ¶ 20.  Therefore, I conclude that Mason has breached the terms of the promissory notes, security agreements, and mortgages and is in default under their terms.  *Id*. at 22.  As of October 17, 2014, the principal due on the promissory notes and security agreements was $75,149.73 plus accrued interest in the amount of $37,938.50 for a total of $113,088.23.  *Id*. at 21.  Per diem interest since October 17, 2014, equals $10.2945, plus costs of collection.  *Id*.  Additionally, the government incurred $354 for a lien search fee, recording fees, and a title opinion.  ECF No. 19-19; ECF No. 19-20; ECF No. 19-21.

It is undisputed that no other action has been brought at law or in equity to enforce the provisions of the promissory notes, security agreements, or mortgages. ECF No. 18 at ¶ 23. It is further undisputed that all conditions precedent to bringing this action have been performed or have occurred. *Id.* at ¶ 24.

The government asserts, and Mason does not dispute, that he is not in the United States military as defined in the Servicemembers Civil Relief Act, 50 U.S.C.A. §§ 501 *et seq.*, and is not an infant or a mentally incompetent person. *Id.* at ¶ 25.

The United States asserts, and Mason does not dispute, that it is the present owner and holder of the promissory notes, security agreements, and mortgages. *Id.* at ¶ 26.

## II. SUMMARY JUDGMENT STANDARD

### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). In making that determination, a court must view the evidence in the light most favorable to the non-moving party. *Johnson v. University of Puerto Rico*, 714 F.3d 48, 52 (1st Cir. 2013). "[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to

6

determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (citations and quotations omitted).

**B. Local Rule 56**

Local Rule 56 defines the evidence that this court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment. First, the moving party must file a statement of material facts that it claims are not in dispute, with each fact presented in a numbered paragraph and supported by a specific citation to the record. *See* Loc. R. 56(b).

Second, the non-moving party must submit its own short and concise statement of material facts in which it admits, denies, or qualifies the facts alleged by the moving party, making sure to reference each numbered paragraph of the moving party's statement and to support each denial or qualification with a specific citation to the record. Loc. R. 56(c). The non-moving party may also include its own additional statement of facts that it contends are not in dispute. *Id.* These additional facts must also be presented in a numbered paragraph and be supported by a specific citation to the record. *Id.*

Third, the moving party must then submit a reply statement of material facts in which it admits, denies, or qualifies the non-moving party's additional facts, if any. Loc. R. 56(d). The reply statement must reference each numbered paragraph of the non-moving party's statement of additional facts and each denial or qualification must be supported by a specific citation to the record. *Id.*

The court may disregard any statement of fact that is not supported by a specific citation to the record, Loc. R. 56(f), and the court has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2). Properly supported facts that are contained in a statement of material or additional fact are deemed admitted unless properly controverted. Loc. R. 56(f).

### III. LEGAL ANALYSIS

The United States contends it is entitled to foreclosure and sale of the Paris property because it has met its burden of showing the absence of any genuine dispute of material fact as to Mason's default under the promissory notes, security agreements, and mortgages. ECF No. 17 at 6.

Each of the promissory notes includes a clause defining a default as a failure to make timely payments, and authorizing the FSA to accelerate the payment of the loans in such an event. ECF No. 18 at ¶¶ 13, 15. The mortgages themselves contain a clause which states that a default under any other security instrument held by the government and executed by Mason shall constitute a default under the mortgage. ECF No. 1-8 at 4, ¶ 16; ECF No. 1-9 at 4, ¶ 16; ECF No. 1-10 at 5, ¶ 16. Under the express terms of the mortgages, the government may foreclose on the mortgages pursuant to Maine law or, at its option, under federal law, upon Mason's default on the promissory note. ECF No. 18 at ¶ 15; ECF No. 19 at ¶ 11.

Federal law governs Mason's rights under federal lending programs, including the FSA lending program at issue in this case. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726-27 (1979). Foreclosure proceedings arising out of a federal loan program do not require the application of nationally uniform rules. *Id.* at 727-28. For FSA loans, the government is to follow "the foreclosure procedures of the State in which the property involved is located to the extent such procedures are more favorable to the borrower than the foreclosure procedures that would otherwise be followed[.]" 42 U.S.C.A. § 1475(b) (2015). The government is not required to follow state substantive rules during the foreclosure process, however, and may require individuals to whom it makes loans to waive certain state law protections. *United States v. Guerette*, 2014 WL 1870634, at *3 (D. Me. May 7, 2014) (citing *United States v. Jacobson*, 319 F.3d 323, 324 (8th Cir. 2002)).

As traditionally observed in this court, Maine mortgage foreclosure proceedings require a complaint that (1) contains a certification of the proof of ownership of the mortgage note; (2) describes the mortgaged premises intelligibly, including an identification of the mortgaged property by book and page number; (3) sets forth the amount due and the condition breached; and (4) demands foreclosure and sale. 14 M.R.S.A. § 6321 (2015); *see also, Guerette*, 2014 WL 1870634, at *3. The government's complaint complies with each of these requirements. ECF No. 1 at ¶¶ 16, 6, 7, 18; *id.* at 7-8. The foreclosure process also requires the recording of "the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds

9

in which the mortgage deed is or by law ought to be recorded." 14 M.R.S.A. § 6321. The government has complied with this requirement. ECF No. 3; ECF No. 4.

As a further condition of foreclosure, a mortgagee must establish the breach of a condition of a mortgage as a matter of fact. 14 M.R.S.A. § 6322; *United States v. Arnold*, 366 F. Supp. 2d 191, 194 (D. Me. 2005) (citing *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705). Insofar as the record establishes that Mason has failed to make payments as required by the promissory notes, security agreements, and mortgages, then the government has demonstrated that Mason is in breach of a condition of each of the mortgages. *See* ECF No. 18 at ¶ 20.

Additionally, the United States must also prove the amount due on the mortgages, including any reasonable attorney fees and court costs. *Arnold*, 366 F. Supp. 2d at 194. Because its Statement of Material Facts is not disputed, I conclude that the government has established proof of the amounts secured under the mortgages. *See* ECF No. 18 at ¶ 21.

The mortgagee must also prove the order of priority respecting other parties of interest. *Arnold*, 366 F. Supp. 2d at 194-95 (citing *Johnson,* 2002 ME 99 at ¶ 17; 14 M.R.S.A. § 6322). As described above, United Co-Operative Farmers, a defaulted party-in-interest, has a lien interest in the same property described in the mortgage by a Writ of Execution. ECF No. 18 at ¶ 9. The government asserts in its Complaint that the Writ of Execution "is subsequent or subordinate to the liens of the [government's] Mortgages[.]" ECF No. 1 at ¶ 23. In light of United Co-Operative Farmers' failure to answer and subsequent default, and in light of Mason's failure to

dispute the government's Statement of Material Facts, I take this averment as true and conclude that the government has met its burden of proving its order of priority.

Finally, the United States is also required to prove its ownership of the mortgages and promissory notes. *Guerette*, 2014 WL 1870634, at *4 (citing *Mann v. Homestead Realty Co.,* 134 Me. 37, 180 A. 807, 808 (1935)). The government's undisputed Statement of Material Facts establishes that it is the owner of the promissory notes, security agreements, and mortgages. ECF No. 18 at ¶ 26.

## IV. CONCLUSION

Based upon the foregoing analysis, the government's motion for summary judgment (ECF No. 17) and motion for default judgment (ECF No. 22) are **GRANTED**. The Order to Show Cause (ECF No. 20) is **DISMISSED AS MOOT.** The Clerk of the Court shall issue judgment of foreclosure and sale in the form of the Judgment of Foreclosure and Sale that the United States filed for the court's consideration (ECF No. 17-2).

**SO ORDERED.**

This 7th day of August 2015.

/s/ Jon D. Levy
U.S. District Judge